**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DIANNE DORMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:24-cv-24** |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **CO., AS TRUSTEE FOR SECURITIZED** | § | |
| **ASSET BACKED RECEIVABLES LLC** | § | |
| **TRUST 2007-NC1, MORTGAGE PASS-** | § | |
| **THROUGH CERTIFICATES, SERIES** | § | |
| **2007-NC1 and PHH MORTGAGE** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant Deutsche Bank National Trust Company, as

Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC1, Mortgage Pass-Through

Certificates, Series 2007-NC1 ("Deutsche Bank") and PHH Mortgage Corporation ("PHH",

collectively "Defendants"), hereby file this Notice of Removal. In support of this Notice,

Defendants state as follows:

## SUMMARY

1.      Plaintiff Dianne Dorman ("Plaintiff") filed this action on December 28, 2023, in

the 48th Judicial District Court for Tarrant County, Texas, Cause No. 048-349030-23 in the

matter styled *Dianne Dorman v. U.S. Bank National Association as Trustee for the Holders of the*

*Citigroup Mortgage Loan Trust Inc. Asset-Back Pass-Through Certificates Series 2005-HE3 and*

*Shellpoint Mortgage Servicing[1]* (the "State Court Action").

---

[1] Plaintiff incorrectly identified the Defendants in the style of her Original Petition. In the body of her Original
Petition at Section II, she correctly identified PHH Mortgage Corporation. Plaintiff in the body of her Original

2.      The allegations in Plaintiff's *Original Petition* (the "Petition") relate to the foreclosure proceedings of Plaintiff's loan secured by her residence, located at 100 Ascot Dr., Southlake, Texas 76092 (the "Property"). Plaintiff filed this action contesting whether Defendants have standing to foreclose, the amount paid on the balance on the loan, and Defendants' accounting of the loan. (*See Petition* at ¶¶ 6-15.) Plaintiff brings claims for declaratory judgment, alleged RESPA violations, and alleged TDCA violations. (*See Petition* at ¶¶ 23-27, 34-56.) Plaintiffs requests injunctive relief, accounting, attorneys' fees, compensatory damages, pre and post judgment interest, and exemplary relief.  (*See Petition* at ¶¶ 57-60, and at Prayer.)

3.      Attached hereto as **Exhibit A** is a copy of the Docket Sheet from the State Court Action, and true and correct copies of all pleadings filed in the State Court Action are attached within the contents of **Exhibit B**.

4.      This Notice of Removal is timely because thirty (30) days have not expired since the case was initially filed, making removal proper in accordance with 28 U.S.C § 1446(b).

5.      This action is removable to federal court pursuant to federal question jurisdiction conferred by 28 U.S.C. § 1331 and diversity jurisdiction conferred by 28 U.S.C. § 1332.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.      There is complete diversity.**

6.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b) because the amount in controversy is in excess of $75,000.00 exclusive of interest, costs, and attorneys` fees.

---

Petition incorrectly identifies Defendant as Deutsche Bank National Trust Company as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NCI, Mortgage Pass-Through Certificates, Series 2007-NCI. Defendant Deutsche Bank National Trust Company as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1, however, is appearing herein in its correct name and capacity.

7.     Plaintiff is an individual and citizen of the State of Texas.  (*See Petition* at ¶ 2.)

8.     Defendant Deutsche Bank is the trustee of a trust.   When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.  *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.,* 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008).  Defendant is a New York corporation with its principal place of business in California.  Therefore, Defendant is a citizen of New York and California for diversity purposes.

9.     Defendant PHH Mortgage Corporation is a corporation whose citizenship is determined by where it was incorporated and its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in New Jersey and its principal place of business is in Mount Laurel, New Jersey. Therefore, Defendant is a citizen of New Jersey for diversity purposes.

10.     There is complete diversity between Plaintiff and Defendants in this matter because Plaintiffs and Defendants are not citizens of the same State. *See* U.S.C. § 1332(a)(1).

**B.     The amount in controversy exceeds $75,000.00.**

11.     When declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus

unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

12.     "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.'" *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted).

13.     Plaintiff seeks a declaratory judgment that would arguably prevent Defendants from proceeding with foreclosure action. (*See Petition* generally and at Prayer.)  As a result, Plaintiff has put an amount in controversy equal to the value of the Property. The Tarrant County Appraisal District values the property at $817,710.00.  (**Exhibits C, C-1**.)  For this reason alone, the amount in controversy exceeds $75,000.00.

## BASIS FOR REMOVAL: FEDERAL QUESTION

14.     This action arises under and presents substantial questions of federal law. Federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

15.     Plaintiff on the face of her Petition asserts a claim under RESPA, Sec. 1024.37, for Defendants' alleged forced placement of insurance on the Property ("Regulation X") under the Dodds-Frank Act. (*See Petition* at ¶ F.) The rules are codified at 12 C.F.R. Section 1024.41(g) under RESPA, and Regulation X is expressly made enforceable through RESPA under 12 U.S.C. 2605(f).  *See* 12 CFR §1204.41.

16.     Because this action arises under the laws of the United States, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, and removal of

this entire cause is therefore proper under 28 U.S.C Section 1441(c). The Court has supplemental

jurisdiction over Plaintiff's state law claims, if any.  28 U.S.C. § 1367.

<u>**VENUE**</u>

17.     Venue for removal is proper in this District and Division, the United States

District Court for the Northern District of Texas, Fort Worth Division, under 28 U.S.C. Section

1441(a) because this district and division embrace the 48th Judicial District of Tarrant County,

Texas—the forum in which the removed action was pending.

<u>**NOTICE**</u>

18.     Pursuant to 28 U.S.C.§ 1446(d), concurrently with filing this Notice, Defendants

will file a copy of this Notice of Removal with the Clerk of the 48th Judicial District Court of

Tarrant County, Texas.

19.     The contents of Exhibit B constitute the entire file of the State Court Action.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Defendants*

## <u>LIST OF ALL KNOWN COUNSEL OF RECORD</u>

<u>For Plaintiff:</u>
Ryan Daniel
Texas Bar No. 24090604
Law Offices of Ryan Daniel
1525 US Hwy 380, Suite 500 #102
Frisco, TX 75033
(469) 688-0621


<u>For Defendants Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed
Receivables LLC Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 and
PHH Mortgage Corporation:</u>
Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A      Copy of the Docket Sheet for Cause No. 048-349030-23 in the 48th Judicial District Court of Tarrant County, Texas;

Exhibit B      Pleadings in Cause No. 048-349030-23 in the 48th Judicial District Court of Tarrant County, Texas;

     B-1      Plaintiff's Original Petition, filed December 28, 2023;

Exhibit C      Declaration of Mark D. Cronenwett; and

     C-1      Data Sheet from the Tarrant County Appraisal District web-site on January 8, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2024, a true and correct copy of the foregoing was served via regular U.S. mail on the following counsel:

Ryan Daniel
Law Offices of Ryan Daniel
1525 US Hwy 380, Suite 500 #102
Frisco, TX 75033
*Attorney for Plaintiff*

/s/ Mark D. Cronenwett
**MARK D. CRONENWETT**