IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DIANNE DORMAN, § § **Plaintiff/Counter-Defendant,** § § v. § § DEUTSCHE BANK NATIONAL TRUST CO., AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-NC1, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007-NC1 and PHH MORTGAGE CORPORATION, § § § § § § § § § § § § **Defendants/Counter-Plaintiffs.** § § | Civil Action No. 4:24-cv-00024-P |

**RULE 26(f) JOINT REPORT**

Pursuant to the Court's Order on January 10, 2024 (Doc. No. 4), the Parties file this Rule 26(f) Joint Report.

1) **A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures.**

    On January 30 and January 31, 2024, counsel held a Scheduling Conference via telephone pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Ryan Daniel attended for Plaintiff Dianne Dorman ("Plaintiff"). Taneska L. Jones was present on behalf of Defendant Deutsche Bank National Trust Co., As Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC1, Mortgage Passthrough Certificates, Series 2007-NC1 ("Deutsche Bank") and Defendant PHH Mortgage Corporation ("PHH," collectively "Defendants"). In the event that any informal settlement discussions do not result in a settlement, the parties agree to engage in mediation on or before November 1, 2024, with an agreed-upon mediator.

2) **A brief statement on the claims and defenses.**

    Plaintiff claims that Defendant has committed violations of the Texas Property Code, including that the lender or lender's servicer did mail the notice to cure or the notice of acceleration via certified mail, return receipt requested; Defendants have violated that

TDCA by attempting to foreclose or collect when not legally allowed to do so; and Defendants have violated Regulation X when it assessed force-placed insurance and did so without following the procedure and requirements under regulation X. There have been unapplied or misapplied payments since 2014 and 2015. Defendant also placed lender forced insurance on Plaintiff's property and charged her escrow account for it when Plaintiff already had her own insurance on the property and was not to pay for her homeowner's insurance through an escrow account with the Defendant. There have also been multiple recorded inconsistencies with regard to how much is owed and what has been paid since at least 2016.

Defendants deny the claims in their entirety and any and all liability to Plaintiff. Defendants incorporate by reference the affirmative and other defenses set forth in their Original Answer filed in this Court on January 12, 2024 (*See* Doc. No. 6).

Defendants also asserted counterclaims seeking non-judicial foreclosure and, in the alternative, judicial foreclosure judgments as part of their Original Answer. Defendants contend that Plaintiff has been in default on the note since November 1, 2010. Defendants provided Plaintiff timely notice of default, acceleration, and foreclosure and, seek a judgment allowing them to foreclosure on the property pursuant to the loan agreement and security instrument. Alternatively, Defendants seek enforcement of the security instrument equal to the payoff amount at the time of judgment and issuance of an order of sale allowing a county sheriff or constable to seize and sale the property. Defendants seek their attorneys' fees and court costs.

**3)   A proposed time limit to amend pleadings and join parties.**

The parties will amend pleadings and join additional parties on or before April 1, 2024.

**4)   A proposed time limit to file dispositive motions (i.e. summary judgment).**

The parties will file dispositive motions on or before November 19, 2024.

**5)   A proposed time limit for initial designation of experts and responsive designation of experts.**

Plaintiff shall designate any expert witnesses no later than July 5, 2024, and Defendants shall designate expert witnesses no later than August 5, 2024. The parties reserve the right to designate any other experts at a later time once the parties have begun conducting discovery.

**6)   A proposed time limit for objections to experts (*e.g.*, *Daubert* and similar motions).**

The parties shall file objections to expert witnesses on or before November 4, 2024.

**7)   A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases:**

The parties agree to complete discovery on or before October 18, 2024. The parties anticipate exchanging written discovery, including interrogatories, requests for production, and request for admissions. The parties may also take depositions of party opponents and designated expert witnesses. Discovery is needed on the payment history of the loan; communications between Plaintiff and Defendants' employees regarding forbearance or any other loan assistance offered to Plaintiff; payment history and communications related to hazard insurance and property tax payments; and the parties' defenses and damages. Discovery should not be conducted in phases.

**8)   A statement on whether any limitations on discovery need to be imposed, and if so, what limitations.**

The parties agree that discovery should not be limited to or focused on certain issues or subjects.

**9)   A statement on how to disclose and conduct discovery on electronically-stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI.**

The parties do not anticipate any issues related to electronically-stored information. The parties agree to produce discoverable information via hardcopy, electronic mail, or any other electronic media that is mutually acceptable to the parties.

**10)   Any proposals on handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The parties agree to exchange privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5). If privileged material, or material otherwise protected from discovery, is inadvertently produced by either party, Federal Rule of Civil Procedure 26(b)(5)(B) will apply.

**11)   A proposed trial date[1], the estimated number of days for trial, and whether a jury has been demanded.**

The parties propose a trial date for the two-week docket period beginning on February 17, 2025. The parties anticipate a 3 to 4 day trial. A jury demand has not been made by either Plaintiff/Counter-Defendant or Defendants/Counter-Plaintiffs.

**12)   A proposed mediation deadline.**

In the event that any informal settlement discussions do not result in a settlement, the parties agree to engage in mediation on or before November 1, 2024, with an agreed-upon mediator.

---

[1] Generally, the proposed trial date should be within 14 months of the case being filed. But if the Parties seek a further trial date, the Parties must provide a brief explanation on why the complexity of the case warrants additional time and resources of the Court.

13) **A statement on when and how disclosures under FED. R. CIV. P. 26(1) were made or will be made.**

   The parties agree to serve disclosures on or before February 14, 2024.

14) **A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge.**

   The parties could not agree to refer this case to the magistrate judge pursuant to 28 U.S.C. § 636(c).

15) **Whether a conference with the Court is desired, and if so, a brief explanation why.**

   A conference with the Court is not desired at this time. The parties will promptly request a conference with the Court should a need arise to involve the Court in discovery, alternative dispute resolution, or other matters.

16) **Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).**

   None.

        Respectfully submitted,

        */s/ Taneska L. Jones*
        **Robert T. Mowrey**
        Texas Bar No. 14607500
        rmowrey@lockelord.com
        **Matthew K. Hansen**
        Texas Bar No. 24065368
        mkhansen@lockelord.com
        LOCKE LORD LLP
        2200 Ross Avenue, Suite 2800
        Dallas, Texas 75201-2750
        Telephone: (214) 740-8496

        **Taneska L. Jones**
        Texas Bar No. 24106151
        taneska.jones@lockelord.com
        LOCKE LORD LLP
        600 Travis Street, Suite 2800
        Houston, Texas 77002
        Telephone: (713) 226-1563
        Facsimile: (713) 229-2563

        **Counsel for Defendants/Counter-Plaintiffs Deutsche Bank and PHH**

        - and –

        */s/ Ryan Daniel*
        Ryan Daniel
        Texas Bar No. 24090604
        Ryan A. Daniel, Attorney at Law PLLC
        1525 U.S. Highway 380, Suite 500 #102
        Frisco, Texas 75033
        Telephone: (469) 688-0621
        ryan@ryandaniellaw.com

        **Counsel For Plaintiff/Counter-Defendant Dianne Dorman**

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 31, 2024, a true and correct copy of the foregoing document was delivered to the following counsel of record *via ECF and/or email* consistent with the Federal Rules of Civil Procedure.

Ryan Daniel
Ryan A. Daniel, Attorney at Law PLLC
1525 U.S. Highway 380, Suite 500 #102
Frisco, Texas 75033
Telephone: (469) 688-0621
ryan@ryandaniellaw.com

*Counsel for Plaintiff/
Counter-Defendant*

        */s/ Taneska L. Jones*
        Counsel for Deutsche Bank and PHH