IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DIANNE DORMAN,** | § |
| **Plaintiff,** | § |
| v. | § |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-NC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1 and PHH MORTGAGE CORPORATION,** | § **CIVIL ACTION NO. 4:24-cv-00024-P** |
| **Defendants.** | § |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MARK STEPHEN BURKE'S MOTION TO INTERVENE AS PLAINTIFF**

Defendant Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 ("Deutsche Bank") and PHH Mortgage Corporation ("PHH," collectively "Defendants"), file this Response in Opposition to Mark Stephen Burke's Motion to Intervene as Plaintiff and Memorandum of Law in Support and respectfully show the Court as follows:

**I. BACKGROUND**

**A.    Plaintiff Dianne Dorman's Current Lawsuit**

On December 28, 2023, Dianne Dorman ("Plaintiff") filed *Plaintiff's Verified Original Petition, Notice of Automatic Stay Under Rule 736.11, Application for Temporary Restraining Order, and for Injunctive Relief* ("Petition") in Cause No. 048-349030-23 in the 48th Judicial

1

District Court of Tarrant County, Texas, styled *Dianne Dorman v. U.S. Bank National Association as Trustee for the Holders of the Citigroup Mortgage Loan Trust Inc. Asset-Back Pass-Through Certificates Series 2005-HE3 and Shellpoint Mortgage Servicing* (the "State Court Action").[1]

Plaintiff filed the instant suit to prevent foreclosure on real property located at 100 Ascot Drive, Southlake, Texas 76092 ("the Property") pursuant to a mortgage secured by the Property. (*See* Petition at ¶¶ 6-8). Plaintiff alleges that (1) certain mortgage payments were not applied to her loan account; (2) inconsistent payment amounts were reported to the IRS; (3) lender-placed insurance was improperly placed on the Property; and (4) proper notices were not provided prior to the January 2024 foreclosure sale. (*See* Petition at ¶¶ 10-11, 13). Based on these allegations, Plaintiff asserts violations of the Real Estate Settlement Procedures Act, Texas Debt Collection Act, and Section 51 of the Texas Property Code. (*See* Petition ¶¶ 28-33, 36-56). Plaintiff seeks an automatic stay of Defendants' foreclosure order granted in the 153rd Judicial District Court in Tarrant County. (*See* Petition at ¶¶ 57-60). Additionally, Plaintiff seeks an accounting of the loan, injunctive and declaratory relief, compensatory damages, exemplary damages, and attorneys' fees. (*Id.*).

Defendants removed the case to this Court on January 8, 2024. (Doc. No. 1). Defendants filed an *Original Answer and Counterclaim* (the "Answer") on January 12, 2024. (Doc. No. 6). Defendants assert counterclaims for non-judicial foreclosure and, in the alternative, judicial foreclosure. (*See generally*, Answer). On March 8, 2024, Mark Stephen Burke ("Movant") filed his Motion to Intervene as Plaintiff and Memorandum of Law in Support (the "Motion"). (Doc. No. 13).

---

[1] Plaintiff incorrectly identified the Defendants in the style of her Petition; however, they are identified in the Petition at Section II and have appeared in their correct name and capacity.

136937446v.1

B.   **Litigation Surrounding Movant's Property**

Movant is a self-proclaimed legal blogger who investigates "foreclosure cases involving the Defendants, including their defense counsel and/or agents." (*See* Motion at p. 2). Movant's fixation on Defendants' alleged wrongful actions stems from a foreclosure proceeding against his mother, Joanna Burke's, property located at 46 Kingwood Greens Drive, Kingwood, Texas 77339 ("Movant's Property"). (*Id.*). The Movant's Property is wholly <u>unrelated</u> to the Property at issue in Plaintiff's lawsuit. For more than a decade, Movant has been embroiled in foreclosure litigation against Defendants and/or its predecessor involving the Movant's Property, which purportedly serves as Movant's residence and home office. The history of litigation surrounding Movant's Property was summarized by Judge Alfred H. Bennett in a previous lawsuit filed by the Movant's parents and styled *Burke v. Ocwen Loan Servicing, LLC et al*:

> This case has an eleven-year litigation history that began in 2011 when Deutsche Bank Nation Trust Company ("Deutsche Bank") sued pro se Plaintiffs Joanna and John Burke ("Plaintiffs" or "the Burkes") for judicial foreclosure of Plaintiffs' property commonly known as 46 Kingwood Greens Dr., Kingwood, Texas 77339 (the "Property"), based on Plaintiffs' failure to make payments on their Texas Home Equity Note. *Deutsche Bank National Trust Company v. Burke et al,* Civil Action No. 4:11-CV-01658 *("Burke 1").* After United States Magistrate Judge Smith found Deutsche Bank's assignment to be invalid, Deutsche Bank appealed to the Fifth Circuit, who reversed and remanded the case to the district court to determine whether Deutsche Bank met the remaining requirements to foreclose under Texas law. *Deutsche Bank Nat'l Tr. Co. v. Burke,* 655 F. App'x 251, 255 (5th Cir. 2016). When Judge Smith found in favor of Plaintiffs on remand, Deutsche Bank once again appealed. *Deutsche Bank Nat'l Tr. Co. v. Burke,* 902 F.3d 548, 550 (5th Cir. 2018). In September 2018, the Fifth Circuit reversed and rendered judgment in favor of Deutsche Bank on its foreclosure claim, noting that "[g]iven nearly a decade of free living by the Burkes, there is no injustice in allowing that foreclosure to proceed." *Id.* at 552.
>
> Unhappy with the outcome in *Burke I,* Plaintiffs filed two suits in state court two months later: one against Ocwen Loan Services LLC ("Ocwen"), the servicer of Plaintiffs' loan, and another against Deutsche Bank's attorneys during *Burke I:* Mark Daniel Hopkins, Shelley Hopkins, and Hopkins Law, PLLC (the "Attorney Defendants"). Both cases were removed to the United States District Court for the Southern District of Texas. *Burke et al v. Ocwen Loan Servicing, LLC,* Civil Action

3

> No. 4:18-cv-4544 ("*Burke II"*) and *Burke et al v. Hopkins et al,* Civil Action No. 4:18-cv-4543 ("*Burke III"*). Soon thereafter, Plaintiffs filed a petition for writ of certiorari for *Burke I,* which the United States Supreme Court denied. Doc. #17 at 4. Around the same time, ***Plaintiffs filed three Motions to Intervene and one Renewed Motion to Intervene in three unrelated lawsuits in the United States District Courts for the District of Kansas, Southern District of Florida, and Northern District of Illinois, each of which involved Ocwen or Deutsche Bank***. *Id.* at 3 n.4, 6-7. All four motions were denied, with one ruling affirmed on appeal and another currently pending on appeal before the Eleventh Circuit. *Id.*

2022 U.S. Dist. LEXIS 180610 (S.D. Tex., Aug. 29, 2022) (*See* Judge Bennett's Order attached hereto as **Exhibit A**, pp. 1-2.) (emphasis added).

Movant now attempts to insert himself into Plaintiff's foreclosure prevention case that is completely unrelated to the property that serves as his home office and residence. The Motion to Intervene before this Court should be denied as such interventions related to Movant's Property have failed in the past for similar reasons discussed below.

## II. ARGUMENTS AND AUTHORITIES

**A.    Movant Does Not Have the Right to Intervene Under Fed. R. Civ. P. 24(a)(2)**

Movant seeks intervention under Fed. R. Civ. P. 24(a)(2). (*See* Motion at p. 7). To intervene as a matter of right under Rule 24(a)(2), Movant must show that: (1) the motion to intervene is timely; (2) he has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede his ability to protect his interest; and (4) he is inadequately represented by the existing parties. *Cruz v. Bank of Am., N.A.*, No. 3:19-CV-340-M-BN, 2020 WL 4561855, at *4 (N.D. Tex. July 10, 2020), report and recommendation adopted, No. 3:19-CV-340-M-BN, 2020 WL 4569042 (N.D. Tex. Aug. 7, 2020)). "In the absence of any of these elements, intervention as of right must be denied." *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005). The movant "bears the burden of establishing its right to intervene" under Rule 24. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th

Cir. 2014).  Movant cannot demonstrate any of the four required elements to satisfy his burden to intervene in this case.

### 1. Movant did not timely seek intervention.

Plaintiff filed suit on December 28, 2023.  Movant did not seek to intervene until more than two months into the lawsuit—and only when Movant's Property was again scheduled to be sold at a foreclosure auction on March 5, 2024. (*See* Motion at p. 4).  At this point in the instant proceeding, Defendants had filed their Answer and asserted counterclaims against Plaintiff.  The Plaintiff and Defendants conferred to outline the disputed issues, parameters of discovery, important case deadlines, and the possibility of an early resolution in accordance with Rule 26(f). (*See* Doc. No. 9).

Moreover, this Court issued a Scheduling Order (Doc. No. 10) that includes fast-approaching deadlines, such as the April 1, 2024, deadline to file motions for leave to join parties or amend pleadings.  If Movant intervenes after April 1, the existing parties will not have an opportunity to assert additional claims or counterclaims against Movant if necessary.

Movant's intervention in this case will also necessitate further discovery and litigation costs, in particular for Defendants to defend themselves against wrongful foreclosure allegations pertaining to two separate homes. Movant's untimely attempt to intervene will delay the proceeding and prejudice the parties. *See MT223, LLC v. Depositors Ins. Co.*, No. MO21CV00044DCRCG, 2022 WL 20507651, at *3 (W.D. Tex. Sept. 16, 2022) (denying untimely motion to intervene that would prejudice the existing parties through delay).  The Motion to Intervene should be denied.

### 2. Movant does not have an interest in Plaintiff's Property.

A Movant must have a "direct, substantial, legally protectable interest in the property or transaction that is the subject of the action." *MT223, LLC,* 2022 WL 20507651, at *3 (*quoting Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006)). Whether an applicant has a legally protectable interest in the main action "turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way. So, an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other." *Id.* (emphasis in original). "[I]ntervention is improper where the intervenor does not itself possess the only substantive legal right it seeks to assert in the action." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 466 (5th Cir. 1984). "[C]ourts have found that asserted interests are not sufficient to justify intervention when . . . the interest asserted was too contingent, speculative, or remote from the subject of the case." *Bear Ranch, LLC v. HeartBrand Beef, Inc.,* 286 F.R.D. 313, 316 (S.D. Tex. 2012) (collecting cases). Moreover, a motion to intervene should be denied where Movant's "claim of an interest in this case is facially frivolous." *Cruz*, 2020 WL 4561855, at *5.

Here, Movant fails to articulate his legitimate interest in the property or transaction subject to the lawsuit—namely Plaintiff's Property or Defendants' right to foreclose Plaintiff's Property. Movant does not allege that he is a borrower on the note secured by the Property, a party to the loan agreement, a third-party beneficiary to the loan agreement, or that he claims any legal interest in the Property. (*See generally*, Motion).

Movant asserts that his "interests are intricately tied to the fraud and predatory lending practices affecting vulnerable and distressed homeowners, including conspiracy claims asserted." (*See* Motion at p. 7). Movant further contends that "[t]he imminent threat to his home office

6

136937446v.1

(residence) as a result of the latest conspiracy and legal maneuver by the Defendants directly implicates his business, possessions, civil liberty, and constitutional rights." (*Id*.). However, Movant does not explain the connection between his home office and residence located at 46 Kingwood Greens Drive, Kingwood, Texas 77339, and the current foreclosure litigation involving the Property in Southlake, Texas in which Plaintiff resides. The Movant's sole goal is to prevent foreclosure of his home office and residence. Said goal is wholly unrelated to the Property at issue in this suit. The Motion to Intervene should be denied as Movant cannot demonstrate an interest in the subject matter of the proceeding before this Court.

### 3. The disposition of Plaintiff's lawsuit will not impair or impede Movant's ability to protect his interest in Movant's Property.

Movant cannot establish the second element regarding his interest in the Property at issue and, thus, cannot prove that his (non-existent) interest will be impaired or impeded by the outcome of Plaintiff's case. The Court is incapable of determining whether the Movant's right to protect that interest may be impeded by the disposition of this action when the Movant fails to assert an interest related to the property at issue in the present suit. *See Howse v. S/V "Canada Goose I,"* 641 F.2d 317, 322 (5th Cir. 1981) ("In the absence of some interest in the main action, the remaining considerations of ***practical harm*** and adequacy of representation become irrelevant.") (emphasis added).

Even if Movant could assert an interest in the Property or its foreclosure (which he cannot), Movant failed to articulate how a win or loss for Plaintiff will impact or impede Movant's ability to protect his interest in the foreclosure proceeding involving his own home office and residence in Kingwood, Texas. (*See generally*, Motion). The Motion to Intervene should be denied.

### 4. Whether Movant is adequately represented is moot because he has no interest in the subject matter of Plaintiff's lawsuit.

"In the absence of some interest in the main action, the remaining considerations of practical harm and *adequacy of representation* become irrelevant." *See Howse,* 641 F.2d at 322. (emphasis added). As discussed above, Movant failed to demonstrate an interest in the Property or whether the Property is foreclosed upon. The Court does not need to consider whether Plaintiff and Defendants will adequately represent the Movant's interest because said interest are not aligned with the named parties. The existing parties are not obligated to represent Movant's interest given that his focus is to save his own home office and residence located at a different location than the Property at the basis of the lawsuit. The Movant is not an appropriate intervenor based on the requirements under Fed. R. Civ. P. 24(a)(2).

**B.    Alternatively, Movant Should Not be Granted Permission to Intervene Under Fed. R. Civ. P. 24(b)**

Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who … (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "wholly discretionary with the [district] court . . . eventhough . . . the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv.*, 732 F.2d at 470–71. Permissive intervention is not appropriate if it will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

**1.    Movant does not assert a claim that bears a common question of law or fact with Plaintiff's causes of actions.**

Setting aside the issue of Movant's untimely Motion, he also failed to show a common question of law or fact that connects Plaintiff's case to the foreclosure proceeding against his home office and residence in Kingwood, Texas. A common question of law or fact does not exist because the instant lawsuit and the protracted litigation surrounding Movant's Property derive from two distinct disputes. *See Nationwide Money Servs., Inc. v. Convenient Cash Sys., L.L.C.*,

8

No. CIV.A.3:02-CV-0931-D, 2002 WL 31455506, at *2 (N.D. Tex. Oct. 31, 2002) (denying permission to intervene because movant and plaintiff's lawsuits presented sufficiently distinct contractual disputes such that they should not be litigated as one).

Here, Plaintiff and Movant are similarly involved in foreclosure litigation based on underlying contracts with Defendants. However, the contractual obligations of Plaintiff and Movant (or his mother as borrower) and Defendants' right to foreclose each property are governed by their *respective* loan agreements. Movant and Plaintiff's lawsuits are based on separate and distinct loan agreements executed by different borrowers, secured by real property located in two different counties, and purchased for different amounts which they agreed to repay to Defendants based on different terms. There is not a common question of law or fact shared between the lawsuits for which the Court should grant Movant permission to intervene pursuant to Rule 24(b)(1)(B).

### 2. Movant's intervention will cause unduly delay and prejudice Plaintiff and Defendants.

The original parties to the proceeding before this Court will experience delay and prejudice if Movant is granted permissive intervention given his litigious nature and the litigation history surrounding Movant's Property. (*See* supra at Section I.B). In August 2022, after filing three rejected motions to intervene Defendants' lawsuits (among other actions), Judge Bennett stated that plaintiffs Joanna and John Burke (presumably via Movant) had a "history of litigation" that includes "vexatious, harassing, or duplicative lawsuits" that put substantial burden on the courts, Defendants, and even entirely unrelated parties."" (*See* Ex. A at II, p. 6). Judge Bennett further warned plaintiffs that "any additional litigation against Defendants [including PHH as Successor by Merger to Ocwen Loan Servicing] ***related to the Property or its foreclosure proceedings*** will

9

be clear and compelling evidence of bad faith, such that the imposition of sanctions and pre-filing injunctions would be just." (*Id*. at IV, p. 7) (emphasis added).

Movant admits in this current Motion to Intervene that he, through his own actions and/or on his parent's behalf, ignored Judge Bennett's warning by filing another motion to intervene in a foreclosure action styled *Dunn vs. PHH Mortgage Corporation* in the U.S. Southern District of Texas—Houston Division—in December 2023. (*See* Motion at p. 2). Movant further demonstrates through the filing of this recent Motion to Intervene before the Court that he will continue to file vexatious, harassing, or duplicative lawsuits in connection with foreclosure of Movant's Property against the courts' admonishments. These frivolous pleadings will undoubtedly increase litigation costs for Defendants, drain judicial resources, delay the instant proceeding, and distract from a possible early resolution of the instant case between Plaintiff and Defendants. For the reasons noted above, Defendants respectfully implore this Court not to allow permissive intervention by Movant.

### III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants request that this Court deny the Motion to Intervene and for all other relief, in law and in equity, to which Defendants are entitled.

Respectfully submitted,

*/s/ Taneska L. Jones*
**Robert T. Mowrey**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
mkhansen@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

10

136937446v.1

**Taneska L. Jones**
Texas Bar No. 24106151
taneska.jones@lockelord.com
Locke Lord LLP
600 Travis, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1563
Facsimile: (713) 229-2563

**ATTORNEYS FOR DEFENDANTS**
**DEUTSCHE BANK AND PHH MORTGAGE**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 29, 2024, a true and correct copy of the foregoing document was delivered to the following *via ECF and/or email* consistent with the Federal Rules of Civil Procedure:

**Ryan Daniel**
1525 US Highway 380, Suite 500 #102
Dallas, Texas 75033
Telephone: (469) 688-0621
Email: ryan@ryandaniellaw.com

*Counsel for Plaintiff Dianne Dorman*

**Mark Stephen Burke**
46 Kingwood Greens Drive
Kingwood, Texas 77339
Telephone: (346) 763-2074
Email: blog@bloggerinc.org

/s/ *Taneska L. Jones*
Counsel for Defendants Deutsche Bank and PHH Mortgage

136937446v.1