IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
FORT WORTH DIVISION

| | |
|---|---|
| DIANNE DORMAN, § | |
| § | |
| Plaintiff/Counter-Defendant, § | |
| § | |
| V. § | |
| § | |
| U.S. BANK NATIONAL ASSOCIATION AS § | CIVIL ACTION NO. 4:24-CV-00024 |
| TRUSTEE FOR THE HOLDERS OF THE § | |
| CITIGROUP MORTGAGE LOAN TRUST § | |
| INC. ASSET-BACK PASS-THROUGH § | |
| CERTIFICATES SERIES 2005-HE3 and § | |
| PHH MORTGAGE CORPORATION, § | |
| § | |
| Defendants/Counter-Plaintiffs. § | |

## PLAINTIFF'S MOTION TO EXTEND TIME and FOR CLARIFICATION

Plaintiff/Counter-Defendant asks the Court to extend the time to file its amended petition, as authorized by Federal Rule of Civil Procedure 6(b), and to clarify or expand upon its January 10th, 2024 order requiring Plaintiff to re-plead.

### A. INTRODUCTION

1. Plaintiff is Dianne Dorman; defendants are Deutsche Bank National Trust Co., as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 and PHH Mortgage Corporation.

2. Plaintiff sued defendant for attempting to foreclose on Plaintiff's homestead without following the requirements set out by the Texas Property Code, for violations of the Texas Debt Collection Act, and for violations of Federal Regulation X.

3. The Court ordered Plaintiff to re-plead on January 10th, 2024, however, counsel for Plaintiff miss-read/miss-understood the order and did not realize that it was an order to replead, but instead thought that it was an order stating that if re-pleading is necessary, it must be done by the date stated in that

order. Once the second order to re-plead by April 15th, 2024 was served on Plaintiff's counsel, it was then apparent that the court saw a defect in Plaintiff's petition and was ordering Plaintiff to re-plead.

4. Plaintiff must re-plead its petition by April 15th 2024.

5. Plaintiff began drafting and then filed this motion to extend time as soon as she became aware of the need for additional time and before the deadline, which was approximately 4:00p.m. on April 15th, 2024. This was after a week of researching the issues brought up by the court in the order, off and on, and comparing them to Plaintiff's petition to see what needed to be amended. Then, after spending most of the day on this again on April 15th, 2024, it became apparent to Plaintiff at approximately 4:00p.m. that it was unclear as to what the court saw was wrong with Plaintiff's petition, and Plaintiff therefore decided the best course of action would be to file this motion to extend time in order seek clarification from the court as to what needs to be amended.

**B. ARGUMENT**

6. A court may grant a request to extend time for good cause. Fed. R. Civ. P. 6(b)(1)(A); *Rachel v. Troutt*, 820 F.3d 390, 394–95 (10th Cir. 2016); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

7. Plaintiff requests an extension of time to file its amended petition because after a week of researching the issues brought up by the court in the order to amend plaintiff's petition, off and on, and comparing them to Plaintiff's petition to see what needed to be amended. And after spending most of the day on this again on April 15th, 2024, it became apparent to Plaintiff at approximately 4:00p.m. that it was unclear as to what the court saw was wrong with Plaintiff's petition, and Plaintiff therefore decided the best course of action would be to file this motion to extend time in order seek clarification from the court as to what needs to be amended.

8. Plaintiff asks the Court to extend the deadline until two weeks after the court provides guidance to Plaintiff's counsel as to what is deficient in Plaintiff's petition.

9. Plaintiff's request to extend time is for good cause and is not intended to delay these proceedings. *See*

Fed. R. Civ. P. 6(b)(1)(A).

10. Defendants will not be prejudiced by the extension of time. *Rachel*, 820 F.3d at 394–95; *Ahanchian*, 624 F.3d at 1259–60.

## C. CONCLUSION

11. For these reasons, Plaintiff asks the Court to extend the time to file its amended petition until 2 weeks after the court provides guidance as to what is deficient in Plaintiff's petition.

Respectfully submitted,

LAW OFFICES OF Ryan Daniel

By:   /s/ Ryan Daniel
      Ryan Daniel
      State Bar No. 24090604
      1525 US Hwy 380, Suite 500 #102
      Frisco, TX 75033
      ryan@ryandaniellaw.com
      (469)-688-0621

**ATTORNEY FOR PLAINTIFF**

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Denton County, State of Texas, on April 15th, 2024.

_____
Ryan Daniel, Attorney for Plaintiff

## CERTIFICATE OF CONFERENCE

I certify that I was unable to confer with opposing counsel about this motion before filing because there was not enough time to confer prior to drafting and filing this motion so that it could be filed prior to the deadline ordered by the Court.

_____
Ryan Daniel, Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 15th, 2024, a true and correct copy of the foregoing was served in the manner described below on the following:

*Via ECF Notification:*
**Taneska L. Jones**
Texas Bar No. 24106151
taneska.jones@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1563
Facsimile: (713) 229-2563
*Attorney for Defendants*

                                        */s/ Ryan Daniel*
                                          Ryan Daniel
                               **ATTORNEY FOR PLAINTIFF**